# IN THE COURT OF APPEALS OF IOWA

No. 18-1884
Filed May 13, 2020

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**PATRICK ALLEN CHAMBERLIN,**
       Defendant-Appellant.
_____

       Appeal from the Iowa District Court for Marshall County, John J. Haney,

Judge.


       Patrick Chamberlin appeals the restitution ordered as part of his sentence

in four consolidated criminal proceedings.  **SENTENCE VACATED IN PART, AND**

**REMANDED.**



       Patrick W. O'Bryan, Des Moines, for appellant.

       Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee.


       Considered by Mullins, P.J., Schumacher, J., and Mahan, S.J.*

       *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**MAHAN, Senior Judge.**

Patrick Chamberlin pled guilty to theft in the first degree, assault with intent to inflict a serious injury, and two counts of unlawful use of a credit card. In a consolidated sentencing order, the district court imposed prison terms and ordered Chamberlin to pay "court costs" and "restitution" without having the total amounts available and not having assessed his reasonable ability to pay. After sentencing, the sheriff submitted a claim for jail fees in the amount of $23,448.74.[1]

On appeal, Chamberlin contends the district court erred in ordering him to pay correctional fees without knowing the extent of those costs and without determining his reasonable ability to pay. The State argues his claim is not ripe for our review because the district court "never entered an order approving the sheriff's application for fees."[2]

Chamberlin's argument is correct under *State v. Albright*, 925 N.W.2d 144 (Iowa 2019). The district court can only order restitution for court costs, including correctional fees, to the extent the offender is reasonably able to pay.[3] *See* Iowa Code § 910.2 (2017); *Gross*, 935 N.W.2d at 702 ("[N]o award of reasonable-ability-

---

[1] The form stated the claim was "[p]ursuant to Iowa Code, section 910, and/or 356." Iowa Code section 356.7 allows the sheriff to elect whether to enforce the claim as restitution under chapter 910 or as a civil money judgment under chapter 626. When the sheriff does not include a request to include jail fees within restitution, the district court is not required to consider the defendant's reasonable ability to pay in assessing those costs. *See State v. Gross*, 935 N.W.2d 695, 702–03 (Iowa 2019). On remand, the district court should clarify the nature of the sheriff's claim.

[2] "After *Albright*, the supreme court has repeatedly considered restitution orders that would not be final under the State's reasoning." *Cf. State v. Leonard*, No. 17-1994, 2020 WL 564652, at *2 (Iowa Ct. App. Feb. 5, 2020) (citing cases).

[3] Because the district court's sentencing order predated *Albright*, the court did not have guidance on filing temporary, supplemental, and permanent orders, and the court did not clarify that the restitution order was temporary. *See* 925 N.W.2d at 160–62.

to-pay items such as jail fees may occur until all such items are before the court and the court has then made a reasonable-ability-to-pay determination." (citing *Albright*, 925 N.W.2d at 162)).  Here, at the time of sentencing, the district court did not have the amounts for any court costs before it, and the court made no reasonable-ability-to-pay determination.[4]

We vacate the portion of the sentencing order involving restitution for court costs and correctional fees and remand to the district court for further proceedings consistent with *Albright*.

**SENTENCE VACATED IN PART, AND REMANDED.**

---

[4] Although the court informed Chamberlin at sentencing, "If there's a dispute over restitution, you'll be entitled to a hearing.  If there's no dispute, I will order restitution accordingly," the court's written sentencing order stated, "Defendant shall make restitution for the costs of this prosecution."